D. Brian Richmond was admitted to practice law in Kentucky on May 1, 2008. Richmond's Kentucky Bar Association ("KBA") Number is 92342 and his last known bar roster address is 21 Ashton Road, Fort Mitchell, Kentucky 41017. On January 18, 2019, Richmond was suspended from the practice of law pursuant to SCR 3.050 for failure to pay his bar dues. Richmond now appeals his suspension.
The KBA sent a Show Cause Notice of Delinquency on November 13, 2018 to Richmond's bar roster address, which was returned on January 3, 2019, marked "Return to Sender, Unclaimed, Unable to Forward." Notably, Richmond used the same address as his return address when he submitted the appeal of his suspension to the Clerk of the Court. During this span of seven weeks Richmond was unaware of the Show Cause Notice of Delinquency as it was unable to be delivered to his active address, perhaps due to a postal error. On *686 January 7, 2019, Karen Cobb, a KBA Membership Department employee, contacted Richmond by telephone and discussed his delinquency with him. Richmond told Ms. Cobb that he thought his employer, the Kentucky Occupation Health and Safety Review Commission ("KYOHSRC"), had paid his bar dues, as they had done so in the past and told her he would contact them. After learning that the state was no longer covering his bar dues because of his new part-time status as Chair of KYOHSRC, Richmond called the KBA on the afternoon of January 18, 2019, to make his payment, only to learn that he had been suspended that morning by the KBA Board of Governors. According to his affidavit, Richmond believed that during his conversation with Karen Cobb he had until January 18, 2019, to pay his dues (which by now included his $ 310.00 membership dues, $ 50.00 late fee, and $ 50.00 in costs), however, the KBA position was that he was told that the dues and fees had to paid before January 18th.
The evidence before us in this case is scant. What we do know is that KYOHSRC had paid Richmond's dues in the past and that, according to his affidavit, he believed it would pay them again. We also know that the show cause notice was never delivered to Richmond's address even though it was correctly addressed, resulting in Richmond not being advised in that manner of the action proposed to be taken. Furthermore, Richmond and the KBA were not of the same mind as to the last date he had to pay his dues before suspension would result. And, Richmond did, in fact, call KBA to pay his dues on what he believed was the last day to have them paid.
There are, therefore, several uncertainties in the circumstances about which we have been made aware that led the KBA to suspend Richmond. One thing that is certain: Richmond has been suspended from the practice of law for nearly five months because he failed to pay his KBA membership dues, late fees, and costs, all which total $ 410.00. Under these circumstances, we conclude that requiring Richmond to apply for reinstatement would serve no valid purpose, and Richmond's suspension should be lifted or revoked upon his payment of the above amount.
ACCORDINGLY, IT IS ORDERED THAT:
D. Brian Richmond, KBA Member Number 92342, is hereby reinstated to the practice of law in this Commonwealth, effective upon his payment of his membership dues of $ 310.00; $ 50.00 late fee; and $ 50.00 in costs.
All sitting. Buckingham, Keller, Lambert and Wright, JJ.; concur. VanMeter, J., dissents by separate opinion in which Minton, C.J. and Hughes, J., join.
VANMETER, J.: RESPECTFULLY, I DISSENT.
The majority opinion applies a non-legal, non-rule based, ad hoc rationale excusing nonpayment and handicaps this Court's analysis going forward to penalize those who continually fail to pay their bar dues. We are better served applying the rules and requiring Richmond to earn reinstatement through application to the KBA as set forth in SCR 3.500.[1] Every year, thousands of lawyers in the Commonwealth are required to pay bar dues to the KBA. Dues are assessed on July 1 of each year. SCR 3.040. "Dues shall be paid to [the KBA] on or before September 1 of each year." Id. The first time Richmond attempted to pay his bar dues was four and *687 a half months after the due date. If dues are not paid by September 1, a late fee of $ 50.00 is assessed. SCR 3.050. In the present case, the KBA followed the protocol established by SCR 3.050, and continually updated Richmond about his delinquent status throughout late 2018 and into early 2019. The KBA sent notice via email to those members who were delinquent in payment of bar dues on September 17, 2018, October 10, 2018, and October 25, 2018. Lastly, the KBA sent a Show Cause Notice of Delinquency on November 13, 2018 to Richmond's bar roster address.
Although Richmond maintains he was not given notice, he makes no mention of a change to his bar roster address or email address. Therefore, the KBA's performance in emailing his bar roster email address and sending certified mail to his bar roster address was adequate. While the record in this case is admittedly scant, Richmond's statement in his affidavit that his bar dues had been paid by the state in the past does not elaborate as to what position he held at that time or why that should have any effect on his current failure to pay dues. Finally, although the KBA and Richmond disagree on the final day upon which Richmond was to make his delinquent payment, SCR 3.050 makes clear that Richmond could have been suspended as early as December 13, 2019, thirty days after the KBA sent a show cause order to Richmond's bar roster address. Accordingly, in addition to paying the $ 410.00 above, I would require Richmond to apply for reinstatement under SCR 3.500 as required for all other attorneys similarly situated.
/s/ John D. Minton Jr.
CHIEF JUSTICE
Minton, C.J.; and Hughes, J. join.

"A former member who ... was suspended for failure to pay dues as provided in SCR 3.050 ... may be restored to membership upon compliance with the conditions set forth in this rule." SCR 3.500(1).